## SOCOLA, Ex'r, *v.* GRANT and Wife.*

(*Circuit Court, E. D. Louisiana.* January, 1883.)

1. EQUITY PLEADING.

To allege that a sale is simulated, and if not simulated is fraudulent, meaning thereby that it is a sham sale, and if not a sham then a real sale, but fraudulent, may be consistent, but it is not certain; and certainty is a requisite in equity pleading as well as consistency.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

2. EQUITY PRACTICE.

> Where, on demurrer, exception was taken to a bill for repugnancy, and but one clause in the bill was subject to such imputation, and said clause was unnecessary, the court ordered that clause to be stricken out, and overruled the demurrer.

In Equity.   On demurrer.

*E. Howard McCaleb*, for complainant.

*John D. Rouse* and *William Grant*, for defendant.

PARDEE, J.   The bill is brought in this case to annul an alleged fraudulent simulation. In the courts of the state from which it came the action was a revocatory action.   See *Willis* v. *Scott*, 33 La. Ann. 1027.

The demurrer to the bill is general, but the ground assigned in argument is repugnancy, in that it is averred in the bill that the transfer in question was a simulation, and that it operated a preference, and that the price was inadequate.   A careful examination of the bill shows that the complainant sought only to charge a fraudulent simulation; and there is only one clause contained in it that looks to any other view of the case, to-wit:

> "That no price is stated in said agreement, and the moneys advanced and to be advanced as mentioned therein were in fact, as your orator is informed and verily believes, never advanced, and if any money was advanced as claimed by Mrs. Catherine G. Grant, *and which your orator denies*, the sum thereof was far below the real value of said property, which was at the time fully worth $5,000."

This clause does not aver that there was a sale of the property; on the contrary, it denies it.   And as the bill is complete without this clause, it had been better, perhaps, if the clause had been omitted.

The charge of redundancy, however, is more appropriate than that of repugnancy.   The most that can be made out against the bill, on the ground of repugnancy, is that, in effect and scope, it charges that the transfer in question is simulated, and, if not simulated, is fraudulent.   If we take this as the correct view of the bill, and yet follow the Louisiana law, which gives the action, and under which the rights of the parties must be determined, there is no inconsistency in complainant's position.

In the case of *Johnson* v. *Mayer*, 30 La. Ann. 1203, the supreme court of Louisiana declares:

> "We see no inconsistency in saying that a sale is simulated, and, if not simulated, that it is fraudulent. * * * When sales are attacked by a direct action, there is no reason why the party may not demand relief from them by alleging simulation or fraud, or both."

In an equity case in this court I am not prepared to hold that a pleader may take such apparently antagonistic positions. He may allege a sale to be simulated and fraudulent, for it may be both; but a sale cannot be both *real* and simulated. To allege that a sale is simulated, and, if not simulated, is fraudulent, meaning thereby that it is a sham sale, and, if not a sham, then a real sale, but fraudulent, may be consistent, but it is not certain; and certainty is a requisite in equity pleading as well as consistency.

It seems to me that, if there is doubt as to the nature of the transaction, the creditor, who has "to strike in the dark," should charge a fraudulent simulation, and, on discovery, amend if necessary. In this case there is no uncertainty except what may arise from the clause above quoted, and as that clause was unnecessary, and adds nothing to the force of the bill, I will direct that it be expunged from the bill, but the demurrer should be overruled.